747 S.E.2d 174

**In the Matter of M. Scott TAYLOR, Respondent.**

**Appellate Case No. 2013–001135.**

**No. 27290.**

Supreme Court of South Carolina.

Submitted June 18, 2013.

Decided July 31, 2013.

Lesley M. Coggiola, Disciplinary Counsel, and Barbara M. Seymour, Deputy Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Harvey MacLure Watson, III, of Ballard Watson Weissenstein, of West Columbia, for respondent.

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR).  In the Agreement, respondent admits misconduct and consents to the imposition of a definite suspension of nine (9) months to three (3) years or disbarment. He requests the suspension or disbarment be made retroactive to February 8, 2013, the date of his interim suspension. *In the Matter of Taylor*, 403 S.C. 52, 742 S.E.2d 644 (2013). In addition, respondent agrees to complete the Legal Ethics and Practice Program Ethics School prior to seeking reinstatement or readmission.  We accept the Agreement and disbar respondent from the practice of law in this state, retroactive to the date of respondent's interim suspension. *Id.*

We further order respondent to complete the Legal Ethics and Practice Program Ethics School prior to seeking reinstatement. The facts, as set forth in the Agreement, are as follows.

### *Facts*

In March 2010, respondent was retained to assist Client in filing a civil action regarding a contract dispute. The defendant filed a motion to dismiss on the merits. The motion to dismiss was not heard as Client's lawsuit was administratively dismissed in April 2011 due to the parties' failure to comply with certain ADR requirements. Respondent did not advise Client of the dismissal and took no further action on Client's behalf.

In late 2011, Client inquired about the status of his lawsuit. In response, respondent falsely stated to Client that the defendant had filed a motion for summary judgment that would need to be resolved before the case could move forward.

In May 2012, Client again inquired about the status of the lawsuit. In response, respondent falsely stated to Client that a hearing had been scheduled in August 2012 to address the motion for summary judgment. Following the date of the fictitious summary judgment hearing, respondent falsely stated to Client that the motion was taken under advisement by the judge.

In October 2012, respondent falsely stated to Client that summary judgment had been granted. When Client asked for a copy of the order, respondent created a fake order and forged the name of the judge on it. Respondent did not immediately provide the order to Client. In December 2012, after another request, respondent forwarded the false order to Client.

In January 2013, after receiving a copy of the false order which purportedly held Client's contract insufficient, Client consulted another attorney about drafting future contracts that would be enforceable. During that consultation, Client referenced the lawsuit and the summary judgment order. The new attorney reviewed the order and discovered it did not have the clerk's date stamp. The new attorney sent his

assistant to the courthouse to get a clocked copy of the order. The clerk's office was unable to locate a copy of the order.

The new attorney then contacted respondent for a clocked copy of the order. Respondent scanned a clocked copy of a filed pleading in an unrelated matter and digitally cut the clerk's stamp from that document and pasted it on the false summary judgment order in Client's case. On January 18, 2013, respondent forwarded the altered document to the new attorney by email message with a copy to Client stating:

> I have attached the filed order as we discussed. The time to appeal ran back in November, and honestly while I didn't agree with all the rulings I didn't see any grounds for appeal. As you can imagine [Client] was not going to be pleased with the result but in the end the litigations costs were likely going to far exceed the recovery anyway.

The new attorney then confirmed with the clerk's office that the order had not been filed, that the judge whose name appeared on the signature line had been on vacation at the time of the purported summary judgment hearing, and that the matter had been administratively dismissed in April 2011.

On January 23, 2013, the deputy clerk of court called respondent and informed him that the motion for summary judgment and summary judgment order could not be located in the court's file. Respondent falsely stated to the deputy clerk that another judge (a judge other than the one who was shown on the order) had actually heard the motion and that the defendant's motion to dismiss was "converted" to a motion for summary judgment. The deputy clerk then asked respondent to bring his file to her office. Respondent informed the deputy clerk that he would not be able to bring the file until the next afternoon.

On January 24, 2013, respondent met with Client and told him the truth about the case and his falsification and forgery of the order. Client then accompanied respondent to the clerk's office where respondent admitted to the deputy clerk that he had fabricated and forged the order. The matter was reported to the Chief Judge for Administrative Purposes. The Chief Judge for Administrative Purposes, the new attorney, and respondent each reported this matter to ODC.

Respondent's law firm has reimbursed Client for all fees and costs paid.

## *Law*

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation to client); Rule 1.2 (a lawyer shall abide by client's decisions concerning the objectives of representation and shall consult with the client as to the means by which they are to be pursued); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client); Rule 1.4 (lawyer shall keep client reasonably informed about the status of the matter and promptly comply with reasonable requests for information); Rule 1.16(a)(2) (lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of client if lawyer's mental condition materially impairs the lawyer's ability to represent the client); Rule 3.2 (lawyer shall make reasonable efforts to expedite litigation consistent with interests of client); Rule 4.1 (in course of representing client, lawyer shall not knowingly make false statement of material fact or law to third person); Rule 8.4(b) (it is professional misconduct for lawyer to commit criminal act that reflects adversely on lawyer's honesty, trustworthiness or fitness as a lawyer in other respects); Rule 8.4(d) (it is professional misconduct for lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct prejudicial to administration of justice).

Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct); Rule 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law); and Rule 7(a)(6) (it shall be ground for discipline for lawyer to violate the oath of office taken to practice law in this state).

*Conclusion*

We accept the Agreement for Discipline by Consent and disbar respondent from the practice of law, retroactive to February 8, 2013, the date of his interim suspension. *Id.* Before submitting a petition for reinstatement, respondent shall complete the Legal Ethics and Practice Program Ethics School. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.